# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**June 11, 2014**

**RORY L. PERRY II, CLERK**

**SUPREME COURT OF APPEALS**

**OF WEST VIRGINIA**

**SWVA, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 12-0236** (BOR Appeal No. 2046410)
(Claim No. 2007214827)

**DANIEL BOONE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner SWVA, Inc., by Steven K. Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated January 24, 2012, in which the Board affirmed an August 29, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 23, 2010, decision granting Mr. Boone a 0% permanent partial disability award. The Office of Judges granted Mr. Boone a 5% award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Boone worked in the maintenance department of SWVA, Inc. On December 9, 2006, Mr. Boone injured his low back when he stepped out of a crane and fell. The claim administrator held the claim compensable. An MRI was then taken of Mr. Boone's lumbar spine, which revealed a disc herniation at L5-S1 and a bulging L4-5 disc caused by lumbar disc disease. Mr. Boone's claim was submitted to Marsha Lee Bailey, M.D., for an independent medical evaluation. Dr. Bailey found that Mr. Boone had 7% whole person impairment based on the range of motion model of the American Medical Association's *Guides to the Evaluation of Medical Impairment* (4th ed. 1993) and Lumbar Category II of West Virginia Code of State

1

Rules § 85-20-C (2006). Dr. Bailey, however, attributed Mr. Boone's disability to chronic low back pain related to degenerative disc disease and apportioned 0% whole person impairment to his compensable injury. The claims administrator granted Mr. Boone a 0% permanent partial disability award based on Dr. Bailey's report. Bruce A. Guberman, M.D., then evaluated Mr. Boone and found that he had 16% whole person impairment under the American Medical Association's *Guides*. Dr. Guberman apportioned 13% to the compensable injury and the remainder of his impairment to pre-existing degenerative condition. He then placed Mr. Boone in Category II of West Virginia Code of State Rules § 85-20-C and adjusted his recommendation to an 8% whole person impairment rating. Prasadarao B. Mukkamala, M.D., then evaluated Mr. Boone. He found that Mr. Boone had a lumbar sprain associated with a disc protrusion at L4-5. Dr. Mukkamala determined that Mr. Boone had 15% whole person impairment under the American Medical Association's *Guides*. Dr. Mukkamala then adjusted his recommendation to an 8% whole person impairment rating to fit within Category II of West Virginia Code of State Rules § 85-20-C. Dr. Mukkamala then apportioned 3% of that impairment to Mr. Boone's pre-existing degenerative conditions and found that he had 5% whole person impairment related to his compensable injury. On August 29, 2011, the Office of Judges reversed the claims administrator's decision and granted Mr. Boone a 5% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges on January 24, 2012, leading SWVA, Inc., to appeal.

The Office of Judges concluded that the claims administrator was incorrect in finding that Mr. Boone had no whole person impairment. The Office of Judges further concluded that Mr. Boone had 5% whole person impairment and should be granted a 5% permanent partial disability award. The Office of Judges determined that Dr. Mukkamala's recommendation was the most persuasive assessment of Mr. Boone's whole person impairment because his apportionment took account of both Mr. Boone's pre-existing condition and his compensable injury. The Office of Judges found that each of the three evaluators in the case applied the American Medical Association's *Guides* and adjusted their recommendations to fit within Lumbar Category II of West Virginia Code of State Rules § 85-20-C. The Office of Judges found that the evaluators disagreed concerning the percentage of Mr. Boone's impairment which related to his pre-existing degenerative condition. The Office of Judges did not rely on either Dr. Bailey's or Dr. Guberman's evaluations because it found that some apportionment should be made for Mr. Boone's degenerative condition and his compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

On appeal, SWVA, Inc., argues that the reports of Dr. Mukkamala and Dr. Guberman were unreliable. Dr. Mukkamala's opinion, according to SWVA, Inc., included a non-compensable disc protrusion in his impairment recommendation. SWVA, Inc., asserts that Dr. Guberman's impairment rating was unreliable because he improperly applied the American Medical Association's *Guides*. Dr. Bailey's opinion, according to SWVA, Inc., is the only reliable assessment of Mr. Boone's impairment and the Office of Judges should have based his permanent partial disability award on Dr. Bailey's report.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. SWVA, Inc., has not demonstrated that Mr. Boone is not entitled to at least a 5%

permanent partial disability award. Dr. Mukkamala properly evaluated Mr. Boone's disability under the American Medical Association's *Guides* and West Virginia Code of State Rules § 85-20-C. Dr. Mukkamala also apportioned Mr. Boone's percentage of impairment between his compensable injury and his pre-existing degenerative condition. The objective medical evidence in the record shows that Mr. Boone has a compensable lumbar sprain and pre-existing degenerative condition. Dr. Mukkamala appropriately accounted for the impairment related to Mr. Boone's compensable injury and his non-compensable condition. The Office of Judges was within its discretion in basing Mr. Boone's permanent partial disability award on Dr. Mukkamala's evaluation. Dr. Bailey's report is not supported by the evidence in the record and the Office of Judges was justified in not relying on it.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 11, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II